UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARQUISE CHISOLM,

                                  Plaintiff,

             -against-

THE CITY OF NEW YORK, POLICE OFFICER JASON BRODERICK (SHIELD #27575), POLICE OFFICER ALEXANDR CRAIVAN (SHIELD # 27611) POLICE OFFICER FERMIN (SHIELD # 25506) and SERGEANT ERICK NOLAN (SHIELD #4368).

                                  Defendants.

------------------------------------------------------------------------ x

**11-CV-2738(JBW)(RLM)**

**FIRST AMENDED COMPLAINT**

<u>Jury Trial Demanded</u>

## **PRELIMINARY STATEMENT**

1.     This is a civil rights action alleging that the City of New York and several New York City Police Officers violated Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiff alleges that, on May 21, 2009, defendants falsely arrested him, employed excessive force on him and made false allegations about him to the Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## **JURISDICTION & VENUE**

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. Plaintiff is a citizen of the United States, a resident of Kings County in the City and State of New York.

5. The City of New York (the "City") is a municipal corporation organized under the laws of the State of New York.

6. Police Officers Jason Broderick ("Broderick"), Alexandr Craivan ("Craivan"), Fermin ("Fermin') and Sergeant Erick Nolan ("Nolan") are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. Broderick and Craivan are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect Plaintiff from unconstitutional conduct. Broderick and Craivan are sued in their individual and official capacity.

## STATEMENT OF FACTS

7. On May 21, 2009, at approximately 6:30 p.m., Plaintiff was lawfully walking with a friend near 61 Thatford Avenue in Brooklyn, New York.

8. Plaintiff and his friend were approached by Defendant officers.

9. Plaintiff and his friend cooperatively answered questions posed by the officers and produced identification upon demand.

10. One officer ordered Plaintiff to submit to a search, on the authority that he "was the police."

11. The officer and others threw Plaintiff to the ground, yelled racial slurs, beat him with batons, sprayed mace and/or pepper spray in his face and cuffed him.

12. The officers continued to beat Plaintiff with batons after he was handcuffed.

13. A crowd of onlookers witnessed the assault.

14. Plaintiff was transported to a police precinct, whereupon Emergency Medical Services ("EMS") was summoned to treat Plaintiff's injuries.

15. Upon recommendation of EMS, Plaintiff was transported to Brookdale University Hospital and Medical Center.

16. Plaintiff received treatment for contusions, pain and lacerations; which required stitches.

17. Plaintiff was transported to Brooklyn Central Booking, where he was charged with Assault, Resisting Arrest, Attempted Assault, Menacing, Disorderly Conduct and Harassment.

18. Defendant officers misrepresented to the Kings County District Attorney's Office that Plaintiff had committed the offenses of Assault, Resisting Arrest, Attempted Assault, Menacing, Disorderly Conduct and Harassment.

19. Plaintiff was arraigned in Kings County Criminal Court and released on his own recognizance.

20. On July 19, 2010, Plaintiff's case was adjourned in contemplation of dismissal ("ACD") in satisfaction of the charges.

21. Plaintiff sustained injuries including lacerations that required stitches, contusions and pain as a result of the excessive force to which he was subjected.

22. Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation and damage to his reputation.

## FIRST CLAIM
## (§1983 FALSE ARREST)

21. Plaintiff repeats the foregoing allegations.

22. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

23. Plaintiff was aware of his confinement and did not consent to it.

24. The confinement was not otherwise privileged.

25. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SECOND CLAIM
## (§1983 UNREASONABLE FORCE)

26. Plaintiff repeats the foregoing allegations.

27. Defendants violated the Fourth and Fourteenth Amendments because they used a degree of force on Plaintiff that was unreasonable because it was unnecessary under the circumstances.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## THIRD CLAIM
## (§1983 FABRICATION OF EVIDENCE)

29. Plaintiff repeats the foregoing allegations.

4

30. The individual Defendants created false evidence against Plaintiff and forwarded such false evidence to the Kings County District Attorney's Office.

31. In creating such false evidence, the Defendants violated Plaintiff's constitutional right to a fair trial.

32. The aforesaid conduct by the City of New York violated Plaintiff's rights under 42 U.S.C. § 1983 and the Sixth and Fourteenth Amendments to the United States Constitution.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## FOURTH CLAIM

## (§1983 "MONELL" CLAIM)

34. Plaintiff repeats the foregoing allegations.

35. The City, through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

36. The City, through its police department, has had and still has hiring, training, promotion and retention practices that it knows will lead to the hiring, training, promotion of police officers unable to discharge their duties in accordance with the constitution.

37. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

38. The City, at all relevant times, was aware that these individual Defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

39. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

40. These policies, practices and customs were the moving force behind Plaintiff's injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as the Court may deem just and proper.

DATED:    October 19, 2011

New York, New York

    /ss/
CHRISTOPHER WRIGHT (CW-8079)
Attorney at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1419